Justin P. Karczag
Nevada Bar Number: 12414
11201 S Eastern Avenue, Suite 100
Henderson, NV 89052
T: 702.637.7110
F: 702.637.7119
E-mail: Jkarczag@foleybezek.com

COUNSEL FOR RESPONDENT

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

24 HOUR FITNESS USA, INC.,
a California Corporation dba
24 HOUR FITNESS

             Petitioner

vs.

JESSICA FOLEY,

             Respondent

Case No.  2:11-cv-01944-ECR (VCF)

**MOTION FOR WAIVER OF COMPLIANCE WITH RULE VI(D) OF SPECIAL ORDER 109**

   ORDER GRANTING

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT Respondent Jessica Foley and Erin Donnelly, a Respondent in the nearly identical Petition to Compel Arbitration, both assigned to this Court, request that this Court waive compliance with Rule VI(D) of Special Order 109 by permitting Respondents to submit just one full copy of the Declaration of Justin P. Karczag in Support of the Response in Opposition to Petitions to Compel Arbitration ("Karczag Declaration"). This is because the disputes against 24 Hour Fitness date back to 2004, and, most recently, a case filed in the Northern District of California, *Beauperthuy v. 24 Hour Fitness*, NDCA #3:06-cv-00715-SC, assigned to the Honorable Sam Conti, since February 2006. Judge Conti has presided over the case, issuing multiple procedural rulings. 24 Hour was unhappy with adverse rulings it received and so it filed 307 competing, duplicative and later-filed Petitions to Compel arbitration in 21 District Courts across the Country. Every District Court to have ruled on the merits of 24 Hour's Petitions, save one, has either dismissed them, issued OSCs re dismissal, issued OSCs re Rule 11 Sanctions against 24 Hour, stayed them, or transferred them back to the Northern District of California. In February, 2012, with 24 Hour's consent, Judge Conti appointed a Special Master to determine the exact same issues in dispute here, namely where the arbitration should proceed, which agreement applied and/or was enforceable, and specifically, whether 24 Hour should be enjoined from prosecuting these 307 out-of-District cases.

The Special Master issued his recommendation in early May 2012. That recommendation finds that 24 Hour should be enjoined from prosecuting its nonNDCA cases, including this one, and that the arbitrations are to proceed in an orderly fashion in NDCA. Both sides have briefed it and are awaiting a ruling by Judge Conti.

Because this case has such a substantial procedural history, and so many issues are in dispute between the parties, some resolved that 24 Hour is seeking to get a new Judge to undo, and some as-of-yet-to-be resolved, when Respondents responds to 24 Hour's Petition, the responsive briefing is substantial and is supported by a Karczag Declaration with exhibits that comprise a hefty binder. But, because the material issues and facts as among the Petitions are identical, the Responses to the Petitions are also nearly identical. In fact, every single exhibit in

1  the Karczag Declaration is the same for each Response, save for Exhibit B, which changes.  The

2  format of the Responses is that there is a Response, a Karczag Declaration with substantial

3  exhibits, and, usually, a client declaration with 1-2 exhibits.

4  Based upon counsel's experience in the various District Courts, the Judges Chambers are

5  often not fond of receiving multiple copies of essentially the exact same substantial stack of

6  exhibits.  Consequently, Respondents have been requesting and receiving permission to submit

7  to each Judge just one major exhibit set, the exhibits to the Karczag Declaration, which will

8  apply to all responses, and then a Response, Client Declaration, and Exhibit B, for each of the

9  responses.

10  In this District, Rule IV (D) of Special Order 109 provides that: "Unless otherwise

11  ordered by the court, Filing Users shall provide to chambers a paper copy of all electronic

12  documents that exceed 50 pages in length."  Each Respondent will be filing or has filed a

13  Karczag Declaration (not all Respondents have filed responses yet because either 24 Hour has

14  not completed service or has only recently completed service), and although certain facts related

15  to a particular Respondent may change, those changes will be reflected in the declaration of that

16  Respondent and reflected in the Response itself, but the materials attached to the Karczag

17  Declaration and statements contained therein have been prepared in such a way that the Karczag

18  Declaration will be identical for each of the responses, save and except for exhibit B thereto.

19  Exhibit B is the earlier-filed Petition to Compel Arbitration filed by the particular

20  Respondent in the Northern District of California – all on December 5, 2011 and all before 24

21  Hour filed its duplicative and competing Petitions in this Court (and all of the others).

22  Each of the Respondents has electronically filed or intends to electronically file a

23  Karczag Declaration in support of his or her Opposition to the Petition to Compel Arbitration.

24  But, because the Karczag Declaration and its exhibits constitute over 415 pages, literal

25  compliance with Rule IV (D) of Special Order 109 would result in the Court receiving over

26  approximately 1000 pages of documents across in at least two different binders, with 95% of the

27  material being exact duplicates.  (The reason why the materials are nearly entirely identical is

28  because 24 Hour's Petitions are nearly entirely identical.)

1    As a consequence, counsel for Respondents seeks permission to submit a single
2    complete hardcopy Karczag Declaration and would be doing so as part of the *Foley* Case 2:11-
3    cv-01948 filing.  For Erin Donnelly, counsel seeks permission to submit to the Court only the
4    Exhibit B to the Karczag Declaration.  Thus, with regard to the Foley filing, Foley will fully
5    comply with Rule VI (D) of Special Order 109, and provide a complete copy of Foley's
6    Response in Opposition to the Petition to Compel, a complete copy of the Karczag Declaration
7    (and exhibits) in support thereof, and a complete copy of the Foley Declaration (and exhibits) in
8    support thereof.

9    This Court also has the following identical case assigned to it: *Erin Donnelly*, 2:11-
10   01945-ECR –CWH.  And thus, for the *Donnelly* filing, if permitted by this Court, Donnelly will
11   provide a complete Response in Opposition to the Petition to Compel, *only* Exhibit B of the
12   Karczag Declaration, and a complete Donnelly Declaration.

13   ///
14   ///
15   ///
16   ///
17   ///
18   ///
19   ///
20   ///
21   ///
22   ///
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

1   DATED this 15th day of June, 2012.

2

3                                        Respectfully submitted,

4

5                                        FOLEY BEZEK BEHLE & CURTIS, LLP

6

7                                        By: /s/  Justin P. Karczag
                                         Justin P. Karczag
8                                        Nevada Bar Number: 12414
                                         11201 S Eastern Avenue, Suite 100
9                                        Henderson, NV  89052
                                         T: 702.637.7110
10                                       F: 702.637.7119
                                         E-mail: Jkarczag@foleybezek.com
11
                                         COUNSEL FOR RESPONDENT
12

13

14      IT IS SO ORDERED.

15      DATED this 18th day of July 2012.

16

17

18      _____

19             UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28

                                        5